Durasno v 680 Fifth Ave. Assoc., L.P. (2022 NY Slip Op 01413)





Durasno v 680 Fifth Ave. Assoc., L.P.


2022 NY Slip Op 01413


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ.


Index No. 157919/17 Appeal No. 15162 Case No. 2020-02015 

[*1]Efren G. Durasno, Plaintiff-Appellant,
v
680 Fifth Avenue Associates, L.P., Defendant-Respondent.


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
McAndrew, Conboy & Prisco, LLP, Melville (Peter G. Prisco of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered March 16, 2020, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion denied.
Defendant owned premises located at 680 Fifth Avenue, in Manhattan, and leased the premises to The Gap, Inc. (Gap), which maintained a retail store at the location. Gap employed plaintiff to perform cleaning and maintenance work at the premises and other Gap locations. Plaintiff was allegedly injured on March 5, 2017, by falling off a ladder while cleaning glass suspended from the ceiling at the store.
Summary dismissal of the Labor Law § 240(1) claim is precluded by issues of fact as to whether plaintiff was exposed to an elevation-related risk "attendant to his work [of washing windows] as it was intended to be performed" (S.V.L. v PBM, LLC, 191 AD3d 564, 566 [1st Dept 2021]). Plaintiff testified that he performed the work using an extension pole with a squeegee attached to one end, while both of his feet were on the rung one or two steps below the top of a 12-foot ladder. Plaintiff was unable to estimate the height of the glass except that it was more than 15 feet above the floor, but he stated that he could not have cleaned the glass while standing on the floor because he would not have been able to apply sufficient force to the glass.
In contrast, defendant's expert, a structural engineer, stated in his report that a surveillance video of plaintiff's accident never showed plaintiff using any extension stick and that plaintiff was standing on the rung directly under the top of an eight-foot ladder at the time of the accident.
The expert also stated in his affidavit that the 5 foot 6 inch plaintiff could have reached the glass, which was about 13 or 15 feet above the floor, by standing on the floor and using a 12-foot extension stick. However, his report attached to his affidavit vaguely stated that the store's three floors each had ceilings with fixtures such as glass "ranging from 9' to 15' (+/-)," without clarifying how he measured such distances or what margin of error was indicated by "(+/-)."
Moreover, the expert failed to address whether plaintiff needed to stand on the ladder to apply sufficient force to the glass to clean it. We also note that the expert's report also concluded that ladders were available for plaintiff to accomplish his task and that, given the workplace geometry, using a ladder was an appropriate device to accomplish the task. The expert's statements raised issues of fact as to his own credibility in opining that plaintiff could have cleaned all of the glass while standing on the floor and plaintiff's description of the supplies he needed to use and did use in performing the work. Accordingly, defendant's motion should be denied.
On remand, if violations of Labor Law § 240(1) are found to have proximately caused [*2]plaintiff's injuries while he was engaged in a covered activity, defendant may be held strictly liable as the conceded property owner, regardless of whether it had any knowledge of or control over the cleaning work that plaintiff was doing at the direction of his employer, defendant's lessee (see Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 340 [2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022